**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | Criminal Action No. 2:19-CR-76-DLB-MAS |
| v. | ) ) | and Civil Action No. |
| MYRON D. ODEN, | ) ) | 2:21-CV-82-DLB-MAS |
| Defendant/Movant. | ) ) ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Myron D. Oden's ("Oden") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 44].[1] Oden alleges he received ineffective assistance of counsel generally considering the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The United States responded in opposition [DE 48]. After reviewing the record in its entirety, the Court recommends Oden's motion be denied for the reasons stated below.

**I.   RELEVANT FACTUAL BACKGROUND**

On December 12, 2019, the grand jury returned an indictment charging Oden with being a felon in possession of a firearm as well as possessing with an intent to distribute marijuana. [DE 1]. Per the United States, the Indictment centered around a domestic disturbance involving Oden and his then girlfriend. [DE 37, Page ID # 115-16]. Specifically, when responding to a disturbance call, law enforcement observed a battered, pregnant girlfriend with Oden having fled the scene. [*Id*.]. When Oden was later located in a Kroger parking lot, law enforcement discovered

---

[1] All docket references are to the underlying criminal record.

1

approximately 2.6 pounds of marijuana, over $5,000 in cash, a digital scale, two cell phones, and a loaded handgun with an extended magazine in the glove compartment with 33 rounds of blue-tipped ammunition. [*Id*. at 116]. At the time, Combs had been previously convicted on four prior felonies. [*Id*.].

On June 29, 20202, Oden appeared before the Court and entered a guilty plea per a plea agreement as to the felon in possession of a firearm charge. [DE 29 (Minute Entry); DE 31 (Plea Agreement)]. The Court conducted a Rule 11 plea colloquy with Oden. In accepting his plea agreement, Oden "waive[d] the right to attack collaterally the guilty plea, conviction and sentence" except for claims of ineffective assistance of counsel. [DE 31, at Page ID# 95]. The possession of marijuana with intent to distribute was later dismissed.

Oden was sentenced to 84 months imprisonment. [DE 43 (Judgment)]. Oden did not appeal the judgment. Rather, Oden timely filed the present Motion to Vacate, Set Aside, or Correct a Sentence. [DE 44].

## II.   ANALYSIS

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

The relevant charge is a violation of 18 U.S.C. § 922(g)(1), a previously convicted felon in possession of a firearm. Under that statute, the United States must prove "(1) that the defendant has a prior conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *United States v. Mackey*, 249 F. App'x 420, 423 (6th Cir. 2007). In *Rehaif v. United States*, 139 S. Ct. 2191 (2019),

2

the Supreme Court added that the defendant must know (4) that he possessed a firearm and (5) that he was in a category of individuals prohibited from possessing a firearm.

Oden advances three challenges in his § 2255 petition. Generally, all three arguments center upon whether the United States provided sufficient evidence to establish Oden's knowledge of his prior convictions as set forth in *Rehaif*. [DE 44]. First, Oden argues the Indictment failed to allege a knowledge component. [DE 44, Page ID# 141]. Second, although difficult to discern, Oden argues that without proving knowledge, the conviction was improper. [DE 44, Page ID# 142]. And third, the decision in *Rehaif* reverses prior Sixth Circuit precedent. [*Id*.].

As a threshold issue, and as the Court noted above, Oden waived his right to collaterally attack his conviction "except for claims of ineffective assistance of counsel" via his plea agreement. [DE 31, at Page ID# 95]. A defendant may waive any right in a plea agreement, even a constitutional right, if the waiver was made knowingly and voluntarily. *See, e.g.*, *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). Although Oden makes a bare assertion that his § 2255 claim is for ineffective assistance of counsel, [DE 44, Page ID# 138], Oden's grounds for relief, based on *Rehaif*, neither raise claims of deficient representation nor even bother to mention his trial counsel. On this basis alone, the Court should deny his petition as his current arguments were waived.

Regardless, for the sake of thoroughness, the Court will examine Oden's arguments.

**A.    GROUND 1: INDICTMENT**

In his first argument, Oden claims the United States failed to reference or notify him of the knowledge requirement in the Indictment. Contrary to this allegation, the Indictment against Oden reads as follows:

**COUNT 1**

**18 U.S.C. § 922(g)(1)**

3

On or about August 1, 2019, in Boone County, in the Eastern District of Kentucky,

**MYRON D. ODEN,**

***knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year***, ***knowingly possessed a firearm***, to wit, an F.N. Manufacturing, Herstal Belgium 5.7 caliber pistol, bearing serial number 386349917, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(l).

[DE 1, Page ID 1 (emphasis added)]. Based upon this plain reading, Oden's argument lacks any legal merit as the knowledge elements from *Rehaif* are included in the Indictment.

Accordingly, the undersigned recommends that the Court deny Oden's petition as to Ground 1.

**B.    GROUND 2: SUFFICIENCY OF THE EVIDENCE**

Next, Oden contends that the guilty plea was not supported by sufficient basis in fact as there was no establishment that he knew, at the time he possessed his firearm, that he had four prior felony convictions.

Initially, sufficiency of the evidence claims ordinarily are not cognizable on collateral review. *See United States v. Luke*, No. 6:15-cr-00010-GFVT-EBA-1, 2018 WL 6567073, at *2 (E.D. Ky. Mar. 21, 2018), *report and recommendation adopted*, No. 6:15-cr-0010-GFVT-EBA, 2018 WL 5818350 (E.D. Ky. Nov. 7, 2018) (collecting substantial authority for the proposition that such claims may be raised only on direct review). "Section 2255 cannot be used to attack the sufficiency of the evidence by which a defendant is convicted, as that is an issue that can be raised only by direct appeal." *Mitchell v. United States*, Nos. 2:05-CV-274, 2:04-CR-02, 2007 WL 325762, at *3 (E.D. Tenn. Jan. 31, 2007) (citing *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974)); *see also United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961) ("A Section 2255 proceeding cannot be used as a substitute for an appeal."). Accordingly, "[t]he sufficiency

of the evidence to prove the alleged offenses will not be reviewed in [a 28 U.S. § 2255] proceeding." *Shields*, 291 F.2d at 799 (citing *Dunn v. United States*, 250 F.2d 548 (6th Cir. 1957)).

Moreover, post *Rehaif*, "[c]ourts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense." *Malone v. United States*, No. 1:14CR438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019); *see e.g.*, *Thompson v. United States*, No. 4:19-CV-2310 RLW, 2019 WL 5727976, at * 4 (E.D. Mo. Nov. 5, 2019) ("Because movant pleaded guilty ... and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant"); *Brewster v. United States*, No. 3:19-cv-00386-MOC, 3:16-cr-00220-MOC-DSC-1, 2019 WL 5076404, at *7-8 (W.D.N.C. Oct. 9, 2019); *United States v. Anderson*, No. 2:10-cr-00113-LSC-JHE, 2019 WL 3806104, at *2 (N.D. Ala. July 26, 2019)). While *Rehaif* dissects the requirements to sustain a *jury conviction* under § 922(g), "because Petitioner pleaded guilty […] this contention is moot." *Malone*, 2019 WL 7049805, at *3.

Even putting that aside, the record clearly contradicts Oden's suggestion. First, Oden's plea agreement, which he signed and acknowledged he had fully read and discussed with his counsel, plainly stated that Oden "admits (1) knowingly possessing the firearm on the date alleged in the Indictment and (2) that he was a felon at the time of the events described herein and knew that he was; in fact, the Defendant was on parole for a prior felony conviction." [DE 31, Page ID# 93]. Second, during his rearraignment and while under oath, Oden was specifically questioned about this element.

> THE COURT: And once you were in this parking lot at Kroger's, there was a search of your vehicle which revealed a loaded pistol with an extended magazine in the glove box. Is that the handgun that's referenced in the indictment?
>
> [United States Assistant Attorney] MS. LEONHARD: It is.
>
> THE COURT: Okay. So were you in possession of that handgun on or about that date?

THE DEFENDANT: Yes, sir.

THE COURT: On that date, did you know that you were a felon and, therefore, prohibited from possessing the firearm?

THE DEFENDANT: Yes, sir.

[Transcript of Guilty Plea Colloquy, DE 47, Page ID# 176-77].

Even putting aside the procedural bars to considering Oden's challenge to the sufficiency of the evidence, both the plea agreement and plea colloquy completely undercut Oden's argument. Thus, the Court finds that not only does Oden's plea agreement procedurally bar him from raising a *Rehaif* claim, but that the claim itself is baseless.

**C.  GROUND 3: REVERSAL OF SIXTH CIRCUIT PRECEDENT**

As stated above, Oden's third argument is that "[t]he Supreme Court abrogated longstanding 6th Circuit precedent by expanding the knowledge requirements of 922(g) and 924(a)(2) [in] *Rehaif v. U.S.* 139 S.Ct. 2191 (2019)". [DE 44, Page ID# 142]. Oden concludes that the impact of *Rehaif* "[u]nambiguously requires the [United States] to prove knowledge of status to obtain a conviction". [*Id.*]. Neither this Court nor the United States disagrees with this point. But such a point does not create any actual relief for Oden that a judicial body can provide. As the Court has detailed above, giving full deference to Oden's interpretation of *Rehaif*, his third argument seeks no specific, cognizable legal relief.

**D.  INEFFECTIVE ASSISTANCE CLAIMS**

The Court will also address Oden's claim of ineffective assistance of counsel against his trial counsel, Stefanie Durstock ("Durstock"). Although never developed by Oden, the Court will assume Oden would argue that Durstock was ineffective for failing to challenge his Indictment and guilty plea based upon *Rehaif*.

To prevail on an ineffective assistance of counsel claim in a § 2255 motion, a petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to that deficiency. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694-95. A petitioner must satisfy both prongs of the test, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. Oden fails to make a sufficient showing under *Strickland* to prove either prong against his trial or appellate counsel.

Trial counsel had no reason for raising an objection to the Indictment or guilty plea because, as demonstrated above, the knowledge element was fully and adequately addressed. Likewise, had Oden gone to trial, no reasonable juror would have believed that Oden did not know he had been "been convicted . . . of[ ] a crime punishable by imprisonment for a term exceeding one year" when he was on parole for a prior felony conviction when charged with this offense. [DE 31, Page ID# 93]. Oden admitted as much under oath. [Transcript of Guilty Plea Colloquy, DE 47, Page ID# 176-77]. It appears the United States would have had no trouble proving the *Rehaif* element at trial; thus, Durstock had no reason to object or raise any argument. *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (holding that Courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting *Strickland*, 466 U.S. at 688); *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) ("Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that

7

counsel's conduct falls within the wide range of reasonable professional assistance. . . . [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.") (internal citations and quotation marks omitted; alteration in original).

Ultimately, Oden failed to show that Durstock made any errors, nor that any action or omission by either counsel impacted the outcome of his case. Thus, he has failed to prove both *Strickland* prongs. His arguments are refuted by the clear facts and transcripts in the record. Durstock cannot be faulted for failing to raise a meritless argument. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("[C]ounsel cannot be ineffective for failure to raise an issue that lacks merit.").

E. **NEED FOR A HEARING**

The Court must conduct an evidentiary hearing on Oden's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also* Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts (directing the Court to examine the filings and record "to determine whether an evidentiary hearing is warranted"). The Court must hold a hearing where the petitioner raises a factual dispute underlying her claims, and "[t]he burden for establishing an entitlement to an evidentiary hearing is relatively light[.]" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). However, "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact[,]" no evidentiary hearing is required. *Id.*

As discussed above, the records and files of this case (namely the Indictment, plea agreement, and plea colloquy transcript) demonstrate that Oden's guilty plea and conviction were valid, that they were supported by a sufficient basis in fact, and that he received constitutionally effective assistance during the proceedings. For Ground 1, the Indictment clearly included the

8

requisite knowledge elements from *Rehaif*. Similarly, for Ground 2, both the plea agreement and plea colloquy included and addressed the knowledge elements from *Rehaif*. And for Ground 3, Oden never proposes a cognizable legal claim, much less some dispute of fact. Oden's current conclusory and/or implausible allegations in his motion, unsupported by facts and sometimes devoid of developed argumentation, do not refute or cast doubt on the otherwise clear record in this matter and do not necessitate an evidentiary hearing.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Oden's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is

**RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.    CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS** the District Court deny Oden's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  Despite Oden's arguments that the United States did not establish the knowledge requirement as set forth in *Rehaif* for his § 922(g)(1) charge, Oden was charged with an allegation including the knowledge element, was entirely aware that he was a convicted felon, and admitted the same under oath.  Further, Oden waived his right to raise such an argument on direct appeal and collateral attack.  Specifically, the Court recommends that:

1) the District Court **DENY**, with prejudice, Oden's § 2255 motion [DE 44]; and

2) the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 15th day of August, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge